Our next case on the call of the docket is agenda number three, case number 113197, People ex rel. James W. Glasgow v. the Honorable Gerald R. Kinney, Chief Judge of the Twelfth Judicial Circuit. Counsel for the petitioner. Good morning. May it please the Court, counsel. I'm Assistant Attorney General Catherine Saunders on behalf of the people. In this case, the people seek an order of mandamus compelling the respondent circuit court judge to sentence the defendant, Michael Drew, in accordance with the Code of Corrections. If I can back up and provide a little factual background, December 2010, the defendant, Michael Drew, pleaded guilty to aggravated DUI. This was his fourth DUI offense. But prior to sentencing, defense counsel filed what he captioned a motion to strike, essentially asking the court not to count his prior bureau county conviction to enhance his current sentence because he had not been represented by counsel at that proceeding. And again, at the sentencing hearing, counsel said, under People v. Finley, a third district case from 1991, the defendant's prior uncounseled misdemeanor conviction out of bureau county could not be used to enhance his sentence here from what he termed a non-incarceration potential to incarceration. And indeed, that is what Finley held. But as the state responded, Finley had no application here because by that time it had essentially been overruled. Finley was based on the Supreme Court's decision in Balthazar v. Illinois. But in 1994, I believe it was, yes, 1994, the Supreme Court overturned Balthazar in Nichols v. United States. Nevertheless, the court took the matter under advisement, and when the parties reconvened, the court granted the defendant's motion to strike, stating that he's compelled to follow the third district and that he tried to follow the third district whenever he could. Accordingly, the judge then sentenced this defendant as a third-time offender to 48 months of probation. But this wooden application of Finley was error here because, the respondent's argument, in essence, that because Finley had not been formally overruled, explicitly overruled, it remained governed in law, simply holds no water where the decision upon which it was based, if Balthazar had been explicitly overturned. And the trial court, therefore, erred in relying upon Finley to exclude the Bureau County conviction. So Nichols plainly holds that. Was the trial court wrong by saying it's required to follow the third district because Finley had not been explicitly overruled? Yes. The trial court could, on its own, have made a determination that, based upon Balthazar and Nichols, those cases, that the effect of it was to overrule the case upon which Finley relied. Yes. Certainly under these circumstances. I grant that there may be some situations where it would be difficult to determine, but here Nichols expressly overturned Balthazar, saying it basically, courts had looked at it for years and no one could derive a single holding, to divide a single holding from the various opinions. And, indeed, the court said they weren't even going to try. They simply overruled Balthazar and held that an uncounseled misdemeanor conviction, valid under Scott v. Illinois because there was no prison term imposed, is also valid when it's used to enhance punishment at a subsequent conviction. And this remains true even though that sentence entails imprisonment. Even though that is your position in response to Justice Carmer, is it likewise your position that it's a distinction without merit because this court doesn't have to follow Finley? Correct. This court does not have to follow Finley. All right. May I ask a basic question, and I truly am confused by this? Doesn't the statute say that every person convicted of committing a violation of this section shall be guilty of aggravated driving under the influence of alcohol if this person has violated this section for a third or subsequent time? So why wasn't that prior DUI a felony as well? The prior DUI, I believe, was his second. It was a misdemeanor. No, I don't know why, actually. You're right. It was his third DUI. I do not know why it was a misdemeanor conviction, but it could be that the sentencing scheme has changed. As you may recall, the 94th General Assembly several years ago amended the DUI statute to increase the penalties. There were seven, eight, nine amendments during that General Assembly. So it could be that the statute was different at the time. I'm not aware of that. Maybe. Again, under Nichols, the defendant's Bureau County Misdemeanor DUI conviction, for which he was not sentenced to a jail term of imprisonment, was properly used to enhance his current offense to make this his fourth violation. Ms. Saunders, are there any other circumstances where a trial court may enhance an offense from a sentence allowing probation or conditional discharge to one mandating imprisonment? Is there another? Nichols does not say anything about mandating imprisonment, but Nichols does say that the uncounseled misdemeanor conviction can be used to enhance, even though the sentence entails imprisonment. And I would submit that it's essentially the same, mandating prison, not mandating prison. They would all fall under Nichols. Under Nichols, this was defendant's fourth DUI conviction, or his fourth DUI offense. Under Section 11-501D2C, the General Assembly has provided that the penalty for a fourth DUI violation is three to seven years of imprisonment. It's a Class II felony for which probation may not be imposed. And therefore, the circuit court urges sentencing the defendant to this probationary term. Ms. Saunders, again, the statute uses the word violation. You just mentioned violation and not conviction. How does this impact our analysis? Pardon me? The statute uses the term violation, not conviction. So how does this impact our analysis? I don't think it has any effect on the analysis. I know that the court in Finley was presented with a similar argument. They elected not to decide that. I don't think it should have any effect. In fact, the Nichols court said that consistent with due process, because of the more relaxed evidentiary standards at sentencing, wouldn't necessarily have to show prior conviction as long as you could show prior offense. So I believe that consistent with Nichols and with your hypothetical, that it would still count as a prior offense. It would be used to enhance. May it please the Court. Counsel. I'll say to this Honorable Court, I thank you for accepting oral arguments in this case, especially from a court with such an extensive record of jurisprudence as relates to the Sixth Amendment. Counsel, excuse me to back up and identify yourself. I'm Jeff Tomczak on behalf of the appellee in this case. Judge, thank you. And again, what I'd like to say to the Court is this. I think what we are analyzing this morning here is really the absolute extension of Scott v. of Arsinger, of Nichols, and Baldazar for that purpose. What we're really asking the Court to consider in this particular case is when you have an uncounseled conviction, an uncounseled prior violation, and I'll remind the Court for one second if I could. Sixteen United States Supreme Court justices have found that cases where defendants were not represented by lawyers are different, different in a very negative way. So what we might really be deciding this morning is the use of two products that our system produces. One product is produced with the assistance and guidance, and if you look at the Gideon opinion, I could go into detail about how important it is to have a lawyer, but we all know that as professionals. But it's really the use of two products. One is accepted in our system, and the other one is considered to be substandard. Warren, Black, Douglas, Clark, Harlan, Brennan, Stewart, White, Goldberg, Powell, Stevens, Rehnquist, Berger, Blackman, Rehnquist again wrote the opinion, and Scott, and Justice Ginsburg all have rendered opinions in this case that cases where a defendant is not represented by counsel are different. And here I think is the logical conclusion of the appellate process is it relates to the use of these things. Can you use them, Your Honor, to put a person in the penitentiary mandatorily and without discretion? The fact that the State has chosen to challenge this matter by mandamus, I would suggest to this Court, may really raise two issues, and I'd ask you to consider that. First, aren't they really saying by raising it by mandamus that Judge Kinney was without the right to look beyond the paper convictions? And I submit that Custis v. United States, which clearly holds that one of the few grounds, in fact, the only ground that you can collaterally attack a prior conviction would be on Sixth Amendment grounds. So I do on that particular issue alone ask this Court to deny the mandamus because it seems to be good practice that a judge, if a defendant properly presents it, that a judge would be able to look past the paper convictions, especially something as important as mandatory penitentiary time, to look past the paper convictions and say, all right, Mr. Defendant, if you have something to present to us, which may lead me to think that I should not consider this conviction, that I'd be allowed to do so. Isn't the State really saying that Judge Kinney could not do that? The second issue in this case involves – Don't we have to look, Mr. Tomczak, as to what the trial court actually did? Yes, sir. I mean, in response to your motion to eliminate, you just said that under Finley, right, that you can't take that one conviction into account. Correct. Yes, sir. And I guess what I'm saying, Judge, is if you have to look – So isn't that then the narrow issue that's before us as presented by the mandamus, not to whether or not he could look past anything? That's what he based his ruling on, isn't it? Yes, sir, Judge. And I'm certainly ready to address that issue, Judge, and I will do that right now if you'll allow me to do that. If we look at the Nichols opinion, I think we can see – we have to remember that Balthazar was overruled by Nichols. Justice Powell wrote the dissent in Balthazar, and Nichols basically accepts Justice Powell's dissent in Balthazar. But if we look at the actual opinion in Nichols, I think there's a warning being sounded by Justice Souter, and as we look backwards, Justice Powell also raises this warning in Scott. And the warning is exactly the situation that I submit we are presented with in this case. On page 752, Justice Souter talks in Nichols because the guidelines – and remember, Nichols was a case that involved the federal guidelines, and Justice Souter went well into his concurring opinion talking about how the court had the right to disregard it. It truly was a question of discretion. In the federal guidelines, they talk about the court has the ability to say, you know what, this is overrating this individual's actual criminal history, and I'm not going to consider these particular points. And so there's a leeway there. There's a release valve there. And Justice Souter is talking about that. He talks about because the guidelines allow the defendant to rebut the negative implication to which a prior uncounseled conviction gives rise, they, meaning the guidelines, do not ignore the risks of unreliability associated with such a conviction. And he goes on further on page 750 to say, the obvious and serious argument that the line is crossed, and I ask you to consider this case, when a defendant is sentenced to imprisonment only because he had been convicted in a previous case without a lawyer. That's Mr. Drew's case. Very much a warning is sounded in the final paragraph, and I'm not going to dwell much further on Justice Souter's concurring opinion, but what wonderful language he uses when he says he would be shy of endorsing language that may be taken as addressing the constitutional validity of a sentencing scheme that automatically requires enhancement for prior uncounseled convictions. Isn't that, ladies and gentlemen of the court, really what we're facing in this particular instance? This is the automatic raising of the level, utilizing uncounseled convictions to the level where an individual no longer has the right, nor can the court any longer consider the possibility of probation. And I would submit to you, if uncounseled prior violations, Your Honor, are different, and there really isn't one United States Supreme Court judge that has not said that, if truly uncounseled prior violations are different, then isn't this really the bridge too far? Isn't this really the point where we have to stop utilizing these? Because the wonderful language in Arsinger tells us what the underlying basic for Arsinger, and Arsinger is the case that says that if there's a threat of imprisonment, that an individual should be allowed to, should be represented by a counsel. But isn't the real underlying reasoning of Arsinger reliability? And that's cited in these cases. The reason we have so much litigation and why this state and this court has spent so much wonderful jurisprudence on the Sixth Amendment issue is because they are not reliable. And I would suggest to this court the following. Scott v. Illinois really might have, to a certain extent, raised the liability issue to a new level, Your Honor. And I ask you to consider this for a second. In the state of Illinois right now, in courtrooms across the state, a defendant is stepping before the bench. The judge will ask the prosecutor, Mr. Prosecutor, are you going to waive jail time in this case? The prosecutor says, yes, we are, Your Honor. It's this individual's first DUI. What does that defendant now know? The one thing that he walked into that courtroom most fearing, most concerned about, is going to jail. So now he knows that we won't, the state will not be seeking a jail sentence in this case. But there's one other thing that he really knows, and it's inherent in Arsinger. It's inherent in the rush, rush language, if you remember the main opinion in Arsinger. There's one other thing he knows. He's not going to win. He's not going to be able to beat that skilled prosecutor or lawyer that's in the room, Your Honor. Mr. Townsend, what are we to do with the quote from Nichols that says, quote, it must be constitutionally permissible to consider a prior uncounseled misdemeanor conviction based on the same conduct where that conduct must be proved beyond a reasonable doubt? Wouldn't that be in conflict with what you quoted from Souter? I submit it wouldn't, Judge, because of the fact of the discretionary nature of how it was applied in Nichols and the nondiscretionary nature of how it's being applied in the Illinois sentencing statute. So I would say no, Judge. I would suggest to you, Judge, that this is the bridge which we should not cross with uncounseled. And we're really not tweaking Nichols very much. What we're really saying is, you know, uncounseled prior violations are different. I agree with all of the United States Supreme Court judges. And we're going to use them for everything that they can be used for, for impeachment, for enhancement of a penalty, maybe even enhancement of your charge to a felony. But will we go so far as to say that that person confronted with a waiver of jail time, or maybe, as I'd suggest to the court, this is an interesting proposition, especially in these days. Indigent defendants where the state is not seeking jail, but there's another major, major class of individuals involved here, and those are people working families that can't afford a lawyer. If you file an asset of affidavit and liabilities before the court and you're working, there's no legal grounds for the court to appoint a public defender for you. And if they don't, you don't have a lawyer. So I would submit it's somewhat of a donut hole in the legal system. So there's a lot of people that will be in the future and have been in the past affected by this particular issue. I'm having a little trouble with your argument, persuasive as it is, that on this issue when you talk about the lines crossed if it's a mandatory prison sentence, but it wouldn't be crossed if it enhanced a case to a felony. Yes, that is correct, Judge. Now why is that? I would submit, Judge, because we would be able to use the prior. Maybe the real reason would be, Judge, there is a quantum of reliability, just as Thomas mentioned it, that the person may have pled guilty, but there is a quantum, let's say, of reliability in an uncounseled prior. But how great is that? Is it to the extreme level where we're going to numerically add it to an indictment and to say that we're going to include this uncounseled to require a defendant to go to the Department of Corrections? My argument before this Court is that, yes, Judge, it could be considered. In fact, I think I actually argued before Judge Kinney that he was certainly within his right to consider the Brewer County matter on the third time DUI and sentence him to Department of Corrections. But it's the discretion, Judge, that I think I would submit to this Court needs to be applied to be in conformity with the United States Supreme Court's interpretation of it. Justice Powell talked about it in his opinion in Scott. And he talks about, I'm sorry if I may, and I wonder if he was predicting that we may be here someday. He quotes, moreover, the drawing of a line. And he's not, he does not like the line of incarceration being, invoking the right to an attorney. But he says, moreover, the drawing of a line based on whether there is imprisonment, even for overnight, can have the practical effect of precluding provision of counsel in other types of cases in which conviction can have more serious consequences. He ends his opinion by saying, he agrees with the majority, but he does so, however, with the hope that in due time the majority will recognize a more flexible rule is consistent with due process and will better serve the cause of justice. Even if we were to, going back to my earlier question, even if we were to agree with your discretionary argument, I mean, would that also under that basis constitute a remand? Because the trial court here didn't exercise any discretion. He said, I have to follow Finley. It might, Your Honor, depending on how you interpreted it. It might require a remand back down to or. I would submit that this Court might say, as I really do believe, that Judge Kinney really did the job of every good trial judge in the State when he decided this case. The defendant brought forth an issue regarding one of the priors, which he was inclined and entitled to consider. The Court considered the case law, considered the United States Supreme Court law, and the records replete. Nichols was well-reviewed. And upon reviewing it said, you know, I'm not going to consider this prior. I'm not going to consider it. But I am going to – I'm not going to consider it for purposes of mandatory imprisonment, but I am going to consider it for purposes of sentencing this defendant, which is perfectly in line with Nichols, but doesn't expand the use of an uncounseled prior beyond what I would submit Justice Souter, Justice Powell, and Justice Rehnquist were referring to in Arsinger and all of the other cases as we go forward. I would submit, and I don't mean to repeat myself, but there is something very, very different in uncounseled cases. Is this, and this is maybe what the Court must decide, is this the difference? The difference is taking the discretion away from the Court and requiring an individual numerically to go to the Department of Corrections. Justice mentioned or asked a question about are there any other statutes like this one, and I don't believe there are. Our DUI statute is pretty unique. There are a lot of statutes like theft and other that enhance to felonies, but I don't believe there's one that says if you commit a number, or there's very few, if you commit a number of these offenses, you're done, you're going to go to the Department of Corrections, or you're going to be incarcerated for a period of time. I know driving while license revoked is also in the same ballpark as this one is. However, I would submit to the Court that that's what we're addressing. It would probably apply to that case also. But the bottom line of our reasoning is, and I would also ask if I could mention to the Court, there's been a couple of cases after Nichols, Illinois cases that have addressed the same issue. One was Laskowski, and we mentioned it in our brief. And what is interesting about Laskowski, here's Nichols out there, and if it's so obviously overruled bald as our, look at the holding in Laskowski, if you would. It talks about unless the defendant affirmatively raises question of representation by counsel, the state has no burden of proving the existence of a lawyer on the prior offenses. So Laskowski doesn't come out and say, you know, we can consider these things. And it's an interesting opinion because you kind of feel it's going to go that way. And then at the very end he says, well, the real issue is how must the issue be raised, not whether the issue could be raised. So Laskowski, at least the Court in the Fourth District, felt that there was a quantum of review that was allowed there. Because the defendant did not collaterally attack that particular sentence, he wasn't allowed to relief. And, again, they cite Custis v. U.S., which says this Sixth Amendment is the only way that we can attack priors. People versus, I think it's pronounced Himalayan, it's a Second District case. And, again, this is a 2003 case after Nichols. Interestingly enough, this one doesn't even cite Nichols. It's utilizing a Wisconsin statute. And I would submit that Himalayan, the Court in Himalayan, saw exactly what we see in Finley. And that is that the issue was the use of uncounseled priors as an enhancement from non-incarceration to an incarceration sentence. And the reason, again, in Himalayan is because the uncounseled prior is not sufficiently reliable for that purpose. Finley, as you know, whether Finley was overruled or not, I don't know. Finley was a case that I actually stumbled upon it and consequently stumbled upon this argument when I was looking, researching motions to dismiss because that's what Finley really involved. In that particular case, the lawyer came in and said, Judge, you can't consider this uncounseled prior to increase it, so I'm going to do a motion to dismiss the indictment. And the Third District said that's not the proper way to proceed, that the 114 grounds don't exist for such an argument. And just because you might say that the State has inadequate evidence to prove your case is not grounds to dismiss the indictment. I agree. You said that there is a substantial difference between prior cases which potentially enhance a sentence and one which mandates imposition of the sentence. I don't quite understand exactly what the difference is. I think you pointed to two things, maybe, the quantum of reliability. Yes, sir. And the taking of the discretion from the court. Yes, sir.  It's both, Judge. It is, Your Honor. And shouldn't it be, if I could ask you that, Your Honor. Because we are at, if we, going back to the reasoning in Scott and Arsinger, the line is drawn at incarceration. That's the theme all the way through Arsinger, Scott, goes all the way back to Gideon. The line is drawn at incarceration. And isn't that the line that we're at, Your Honor? We are at the line of incarceration. Utilizing the fourth time uncounseled requires the court to sentence the individual to the Department of Corrections. So I think that even if we apply the reasoning of Scott, the reason, going back to Arsinger, going back to Gideon, we're there. This is the use of an uncounseled prior. It's almost, it's uncanny how Justice Souter almost predicted that this automatic upgrade was coming down the pipe at some time in the future. And Justice Powell in his dissent in Balthazar, which is where Nichols references. Nichols says, you know, we're going to abide by the holding of the dissent. Justice Powell mentions, in addition, the Illinois Appellate Court predicted today's ruling will incite further litigation, claiming that uncounseled misdemeanor convictions cannot be used to impeach a defendant's testimony or that judges should not consider such convictions in later sentencing determinations. Following today's pronouncement, there is no way to predict the outcome of any such claim. He also talks about, in his dissent in Balthazar, providing counsel for all defendants charged with enhanceable misdemeanors will exacerbate the delays that plague many state misdemeanor courts. Talks about how much it would cost us and how much work it would take to do it in these particular cases. But if we look at that case right now and how it's being utilized right now, I believe that, and I hope this Court will find that we are at the line drawn in Scott. We are at the line drawn in Arsinger. We are at the line drawn in Nichols. And I submit to this Court that Judge Kinney should be allowed to decide to go beyond those paper convictions and that if a court decides in its discretion, in its discretion, and I believe that Judge Kinney did appropriate in this particular case, if a court decides in its discretion that if one of those prior cases violated the Sixth Amendment rights of the defendant, that that case not then be used strictly to mandatorily require the defendant to be incarcerated in the Department of Corrections. That is the point of law we are putting forth. And absent any questions from the Court, I will sit down. And thank you for listening. And a good morning. Thank you for your argument. I do have just a few points I wanted to make. A defense counsel here concluded by saying that a conviction, a prior conviction that violated a defendant's Sixth Amendment right could not be used to enhance. But it's plain that under Scott v. Illinois, that prior uncounseled misdemeanor conviction did not violate the Sixth Amendment because no term in prison was imposed. As to counsel's argument that the judge has discretion to overlook the prior convictions or to count only those he chooses, that's simply not the case. He cites no authority for that proposition aside from general sort of sentencing authority. In fact, the General Assembly has stated its intent that we count to specify certain penalties for certain offenses. And it's important, the number of offenses. The General Assembly has decided that a fourth DUI violation is a Class II nonprobational and not the judge. When the discretion comes in, then, is it sentencing? When the judge is imposing the statute mandated for a fourth nonprobationable violation, at that time the sentencing discretion of the judge kicks in. And the judge has the ability to consider the facts and circumstance of this case and any other relevant evidence in choosing a term of imprisonment within that three- to seven-year range. And defendant here has really offered no principle basis on which to adopt his line drawing for the mandatory versus nonmandatory imprisonment, felony, misdemeanor. The line seems to shift here, and he's offered no principle basis when Nichols essentially covers the entire field by stating that a prior uncounseled misdemeanor valid under Scott v. Illinois can be used to enhance. And again, I disagree with counsel's interpretation of Nichols, where he says that Nichols was really about the federal sentencing guidelines, and this is very much different. In fact, Nichols itself contemplated state recidivist statutes, and this is just a sort of state recidivist statute contemplated in Nichols, contemplated enhancement not only in the context of federal sentencing guidelines, but also in the context of state law. So they anticipated this sort of situation. And in fact, if we adopt the defendant's rule, it has one very negative consequence, and that a defendant could avoid a more stringent or harsher penalty for a later violation by simply declining counsel at the initial stage, and therefore you have an uncounseled misdemeanor conviction, which essentially he would know would not count were he to be charged again with a DUI violation. I believe that's all I have, and so if there are no further questions, the people would ask that this Court vacate the trial judge's sentencing order, vacate his order granting the defendant's motion to strike his prior conviction, deny that motion, and to sentence, mandamus order should issue to sentence this defendant in accordance with Class II, in the Class II range. Thank you. Thank you, Ms. Saunders. Thank you to both counsel for your arguments this morning. Case number 113197, People X. Rel. James W. Glasgow. Petitioner versus Honorable Gerald R. Kinney, Chief Judge of the 12th Judicial Circuit, is taken under advisement as agenda number three. Mr. Marshall, the Supreme Court stands adjourned until tomorrow morning, 9.30 a.m. March 14, 2012.